DAVE NICHOLSON, PLAINTIFF-APPELLANT, v. RAYMOND L. SPANGENBERG, HELEN E. SPANGENBERG, HIS WIFE, DORIS PERRY, VINCENT E. MULHALL AND THE TOWNSHIP OF FRANKFORD, NEW JERSEY, NATIONAL BANK OF SUSSEX COUNTY, A BANKING INSTITUTION ORGANIZED UNDER THE LAWS OF THE UNITED STATES OF AMERICA, AND NATIONAL COMMUNITY BANK, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 10, 1978—Decided October 25, 1978.

Before Judges FRITZ, BISCHOFF and MORGAN.

*Mr. Seymour M. Karas* argued the cause for appellant (*Messrs. Kreiger, Karas & Kilstein,* attorneys; *Mr. Marshall H. Fishman* on the brief).

*Mr. David L. Johnson* argued the cause for respondent Spangenberg (*Messrs. Morris, Downing & Sherred,* attorneys).

*Mr. Roger W. Thomas* argued the cause for respondents Perry and National Community Bank (*Messrs. Dolan and Dolan,* attorneys).

*Mr. Walter I. Hill* argued the cause for respondents Township of Frankford and Mulhall (*Mr. Richard P. Masel,* on the brief).

PER CURIAM. Those portions of the judgment adjudicated in the trial judge's oral opinion of October 6, 1976 are hereby affirmed substantially for the reasons given therein.

We reverse, however, that portion of an order entered during the pretrial conference dismissing plaintiff's claim against Perry for money damages based upon Perry's alleged severance of drain pipes servicing run-off water on plaintiff's property which occurred during construction of the Perry house. The apparent basis for the dismissal was the trial judge's view that the pretrial contentions of plaintiff, insofar as they concerned defendant Perry, failed to state a claim upon which relief could be granted. The only record of this dismissal is an endorsement in the pretrial order to that effect.

Although it is true that plaintiff's pretrial contentions fail to make reference to the severed drains, they do recite drainage and run-off water as some of the problems for which remedy was sought, and contain as well a demand for money damages as an alternative to other forms of relief. More significantly, however, the second amended complaint does specifically allege in the eleventh paragraph of the first count the following:

In December 1971, the defendant, DORIS PERRY, commenced construction of a one family dwelling on Lot 4 in Block 262. In

order to accommodate the building on the undersized lot, the westerly side of the building was constructed approximately 13 feet from the side lot-line of plaintiff's premises, and drain pipes servicing both run-off water and the septic system on plaintiff's property were severed. Subsequent to the completion of the PERRY dwelling, surface run-off onto plaintiff's premises substantially increased and thereby exacerbated the drainage problems already existing thereon.

The fifth count of the second amended complaint incorporated therein the foregoing allegations and specifically sought from Doris Perry the recovery of money damages in addition to other forms of relief. These allegations, consistent with the contentions contained in the pretrial order, were not superseded thereby and both sets of allegations should have been read together in determining whether a claim for relief was stated. *R.* 4:25–1(b).

Initially, we invite attention to *R.* 4:25–1(b)(8), which cautions restraint in ruling upon legal issues at the pretrial conference. It reads:

* * * No legal issue shall be ruled upon at the pretrial conference as to which there is any doubt or reasonably arguable question. If a ruling is sought on any such legal issue, the matter should be set forth with directions that formal motion be made thereon at a later time and before the pretrial judge if possible.

The apparent reason for enjoining such restraint with respect to dispositive rulings at the conference is that attorneys, without warning that such critical matters will be raised and ruled upon, may come ill-equipped to deal with them. Moreover, since the proceedings of pretrial conferences are rarely, if ever, stenographically recorded, the reviewing court will have no record of the basis for the ruling. Where disposition of an issue is self-evident, with little genuine opposition thereto, these obstacles to a prompt ruling can be easily surmounted. Where, as here, however, the ruling concerns an arguable issue about which there exists considerable doubt, the ruling should be deferred to a formal motion setting in which the attorney concerned has been alerted as

to the nature of the relief being sought and the proceedings therein fully recorded for later review, if necessary.

We are satisfied that the allegations in the second amended complaint, together with plaintiff's pretrial contentions, state a claim for money damages against Doris Perry for severance of plaintiff's drainage pipes and for increased surface water run-off resulting from construction of the Perry house. See *Armstrong v. Francis Corp.*, 20 *N. J.* 320 (1956); *Hopler v. Morris Hills Regional Dist.*, 45 *N. J. Super.* 409, 414–416 (App. Div. 1957).

With the exception of this latter claim, the judgment is affirmed. The order dismissing plaintiff's claim for money damages against Doris Perry is vacated and that claim is remanded for trial.